# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Theressa Taylor, | Case No. 1:11-cv-04853 |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| Law Offices of Vincent Peter Cignarale, LLC, | |
| Defendant. | |

Now comes Plaintiff, by and through counsel, pursuant to Fair Debt Collection Practices Act ("FDCPA"), and respectfully moves this Court to award Plaintiff her attorneys' fees and costs incurred in this action. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs since she obtained a judgment against Defendant in the above-captioned matter. 15 U.S.C. 1692k(a)(3); *see also Tolentino v. Friedman*, 46 F.3d at 645, 651 (7th Cir. 1991); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008). Further reasons in support of this Motion are included in the attached Memorandum in Support.

Respectfully submitted,

Meier LLC

By: */s/ Richard J. Meier*           
Richard J. Meier, LLC
59 W. Jackson Street, Suite 709
Chicago, IL 60604
Tel: 1.312.242.1849
Fax: 1.312.242.1841
Richard@meierllc.com
*Attorneys for Plaintiff*

<u>**MEMORANDUM IN SUPPORT**</u>

I-    <u>INTRODUCTION</u>

The statutory language of the Fair Debt Collection Practices Act (ö FDCPAö) mandates an award of reasonable attorney fees and costs to a successful plaintiff. *Tolentino v. Friedman*, 46 F.3d at 645, 651 (7th Cir. 1991); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008); *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991. In light of the ö structure of the section, attorneyø s fees should not be construed as a special or discretionary remedyö but are in addition to and separate from any damages otherwise awarded to the plaintiff. *Id*. The FDCPA mandate is ö a means of fulfilling Congressø intent that the Act should be enforced by debtors acting as private attorney generals.ö *Camacho*, 523 F.3d at 978; *Tolentino,* 46 F.3d at 645, 651 (7th Cir. 1991); *Graziano*, 950 F.2d at 113.

II-    <u>LAW AND ARGUMENT</u>

In any successful action to enforce the FDCPA, the prevailing plaintiff is entitled to ö the costs of the action, together with a reasonable attorneyø s fee as determined by the court.ö 15 U.S.C. §1692k(a)(3). The Fair Debt Collection Practices Act makes the payment of attorney fees and costs to a successful plaintiff mandatory. *Camacho*, 523 F.3d at 978. A prevailing party is one who is successful on any significant issue in litigation that achieves some of the benefit sought in the action. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In the case at hand, Plaintiff obtained a judgment that established Defendantø s liability;[1] therefore, she is entitled to recover her reasonable attorneysø fees and costs incurred in bringing this action.

Plaintiffø s reasonable attorneysø fees and costs are determined using the ö lodestarö method, which is applicable in all situations where Congress authorized the award of attorneyø s fees to a

---

[1] A Default Judgment has the effect of establishing the truth of the allegations in the Complaint and setting Defendantø s liability.  Fed. R. Civ. P. 8(d).

prevailing party. *See Hensley*, 461 U.S. 424 (1983). [2] In the case at hand, Plaintiff's attorneys expended 14.7 hours during the course of this action. [3] This amount of time is reasonable. The hourly rate charged are consistent with those charged by other attorneys and staff of similar skill and experience; [4] thus, it is the correct hourly rate to be used in the lodestar calculation for this matter. *See e.g. Blum v. Stenson*, 465 U.S. 886, 895-96 (1984). Therefore, the lodestar calculation for the time spent by Plaintiff's attorneys and their staff is $4,590.00. [5] Additionally, during the course of this action, Plaintiff incurred $395.00 [6] in reasonable litigation costs and expenses, which are recoverable under the FDCPA. 15 U.S.C. §1692k(a)(3). Accordingly, Plaintiff respectfully moves the Court for and award of $4,985.00 in reasonable attorneys' fees and costs.

Plaintiff's attorneys' fees and costs should not be adjusted based on Plaintiff's recovery; they must be awarded independently of any other damages awarded to a plaintiff. *See Camacho*, 523 F.3d at 978; *see also Tolentino* at 651-52. The U.S. Supreme Court held that "[t]he statute and legislative history establish that `reasonable fees' under lodestar" are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum*, 465 U.S. at 895. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to

---

[2] The United States Supreme Court explained the lodestar calculation as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In applying the lodestar method, the court must consider: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the plaintiff's attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 433.
[3] See Summary of Legal Services Provided, attached as Exhibit A.
[4] See Declaration of Richard J. Meier, attached as Exhibit B.
[5] See Summary of Legal Services Provided.
[6] The litigation costs of $395.00 include the filing fee of $350 and $45.00 in service costs.

enforce the FDCPA through private actions, and therefore misapplies the law." *Camacho*, 523 F.3d at 981; *see also Tolentino*, 46 F.3d at 652-53. By ensuring that competitive rates are awarded under fee-shifting statutes "we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated," and Congress' intent followed. *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3rd Cir. 1988). Accordingly, this Court should award Plaintiff the full amount of her reasonable attorneys' fees, per the lodestar calculation, without any reduction.

III-    <u>CONCLUSION</u>

Based upon the lodestar calculation, Plaintiff's reasonable attorneys' fees incurred in this action amount to $4,590.00, and Plaintiff incurred $395.00 in costs and litigation expenses. Under the FDCPA, successful claimants have a right to recover the amount of reasonable attorneys' fees and costs incurred in bringing the action. 15 U.S.C. 1692k. Accordingly, Plaintiff respectfully requests that this Court award $4,985.00 in attorneys' fees and costs.

Respectfully submitted,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, LLC
59 W. Jackson Street, Suite 709
Chicago, IL 60604
Tel: 1.312.242.1849
Fax: 1.312.242.1841
Richard@meierllc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 29, 2011, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties were served through U.S. Mail.

Law Offices of Vincent Peter Cignarale, LLC
250 Delaware Avenue, Suite 33
Buffalo, NY 14202-2014

/s/ Richard J. Meier