Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-4853 | **DATE** | 12/5/11 |
| **CASE TITLE** | Taylor v. Law Offices of Vincent Peter Cignarale, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motions for Default Judgment [13] and Attorneys' Fees and Costs [15] are granted. See statement below for additional details. No appearance is necessary on 12/13/11.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Theresa Taylor brings this action against Defendant Law Offices of Vincent Peter Cignarale, LLC, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by contacting Plaintiff and leaving a voicemail message about a bad check after Plaintiff had filed for bankruptcy. The FDCPA provides federal jurisdiction over claims made under this statute. *See* 15 U.S.C. § 1692k(d). The Court also has subject matter jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in the Northern District of Illinois.

Upon Plaintiff's request, the Clerk of the Court entered default against Defendant on October 7, 2011, [Dkt. No. 10], based upon Defendant's failure to answer or otherwise appear in this case. Currently, this matter is before the Court on Plaintiff's motions for an entry of default judgment [Dkt. No. 13] and for attorney's fees and costs [Dkt. No. 15]. Plaintiff seeks $1,000.00 in statutory damages under 15 U.S.C. § 1692(k)(a)(2); $50,000 in actual damages under 15 U.S.C. § 1692(k)(a)(1); and $4,985.00 in attorneys' fees and costs ($4,590.00 in attorneys' fees and $395.00 in costs and litigation expenses) under 15 U.S.C. § 1692(k)(a)(3). (Plaintiff appears to have erred in totaling the damages of this case. In Plaintiff's Motion for Default Judgment at 5, "Plaintiff respectfully requests that this Court enter judgment against Defendant for $61,000; $1,000 in statutory damages and $50,000.00 in actual damages." By the Court's math, the addition of $1,000 in statutory damages and $50,000 in actual damages would equal only $51,000 in total damages.)

Obtaining a default judgment requires two steps. First, the party seeking the default judgment must file a motion for entry of default with the clerk of the court, showing that the opposing party has failed to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 55(b). Then, once the default has been entered, the moving party may seek entry of a default judgment against the defaulting party. The clerk may enter judgment when the claim is for a sum that can be calculated with certainty and the defaulting party is not an infant or incompetent. *Id.* Otherwise, the moving party must apply to the district judge for entry of a default. *Id.*

## STATEMENT

Granting or denying default judgment is within a court's sound discretion. *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996). Entering a default judgment against a party establishes that defendants are liable to the plaintiffs for each claim alleged in the complaint as a matter of law. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (*Dundee*). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Id.* While the pleadings in a complaint are taken to be true upon the entering of a default judgment, allegations regarding damages are not automatically taken as true. "[E]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee* at 1323.

Plaintiff has submitted an affidavit attesting to the emotional distress she experienced after receiving one voicemail from the Defendant regarding the litigation of a bad check soon after Plaintiff had filed for bankruptcy. When the plaintiff's affidavit is the only evidence presented demonstrating emotional damages, the plaintiff "must explain the circumstances of his injury in reasonable detail and cannot rely on conclusory statements, unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Bartuch v. DNI Recovery*, No. 10 C 4869, 2011 WL 689583 *1 (N.D. Ill. 2011) (*Bartuch*) (citing *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004)). According to Plaintiff's affidavit, she was scared when she received a voicemail from Defendant: this single message from Defendant caused her to worry, become depressed, lose sleep, and lose her appetite.

Plaintiff cites several cases in her motion to support her claim for actual, emotional damages. However, none of those cases were in this district, or even in the Seventh Circuit. Moreover, Plaintiff provides no specifics as to what facts support the amount of damages sought for Plaintiff's receipt of a single voicemail. The plaintiff has the burden to prove damages, and in this case, Plaintiff has failed to provide the Court with any indication of what the standard is for awarding emotional distress damages under the FDCPA to plaintiffs in this district. *See Bartuch* at *2.

Upon review of the Plaintiff's Motion for Default Judgment, the Court awards Plaintiff $1,000 in statutory damages and no money in actual damages.

The plaintiff has also filed a motion for attorney fees and costs. Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees. *Schlacher, et al. v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d. 852, 856 (7th Cir. 2009). "While there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar - the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Id.* This figure can then be adjusted to factors such as the complexity of the legal issues involved,and the public interest advanced by the litigation. *Id.* Attorney Richard Meier is a solo practitioner and charges $300 per hour when handling FDCPA claims. Attorney Meier's total bill for this case amounts to $4,590.00, or 15.3 hours of billable work. Attorney Meier bills $30 each time he receives an email, even if it is simply an ECF notice, apparently taking 6 minutes to study each email generated from the ECF system and each email confirming receipt of information. To the extent that Attorney Meier seeks to recover $30 for receipt of each of these emails, he will be permitted only to receive $10 for each of the emails he has received conveying basic notification information. As there were nine such emails identified in Attorney Meier's submitted bill, his recovery of

## STATEMENT

attorney fees shall be reduced by $180. Plaintiff is awarded attorney fees totaling $4,410.00, and $395.00 in costs.

The clerk is directed to enter a Rule 58 judgment and terminate this case from the Court's docket.